UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

ALAGI SAMBA,

                        Defendant.

Case # 16-CR-44-FPG

DECISION AND ORDER

       In October 2016, Defendant Alagi Samba pleaded guilty to one count of conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349.  ECF No. 2, 3, 4.  In advance of sentencing, the parties submitted memoranda concerning the proper calculations for restitution and for loss under the Sentencing Guidelines.

       The Court has already analyzed the issues of restitution and Guidelines loss in connection with the sentencing of co-defendants Laurence Savedoff, Tina Brown, and Gregory Gibbons.  As a general matter, the Court's reasoning applies equally to Samba, whose criminal conduct relates to six properties: (1) 4087 Edson Avenue; (2) 949 East 231st Street; (3) 816 Faile Street; (4) 823 East 218th Street; (5) 3985 Carpenter Avenue; and (6) 814 Faile Street.  *See* ECF No. 47 at 2; ECF No. 51 at 18.

       As to Guidelines loss, the parties only dispute the calculations for two of the properties: 4087 Edson Avenue and 823 East 218th Street.  Regarding the former, the Court already calculated the Guidelines loss for that property with respect to co-defendant Brown.  *See United States v. Brown*, No. 16-CR-41, 2020 WL 2059736, at *1 (W.D.N.Y. Apr. 29, 2020).  The loss is $24,045.91.[1]  As to the latter, the government's objection is noted, *see* ECF No. 47 at 5, but the

---

[1] Samba appears to take the position that there is no Guidelines loss as to 4087 Edson Avenue.  *See* ECF No. 49 at 2.  Because he develops no argument in support, however, the Court need not address Samba's claim.  *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").  Furthermore, the issue is immaterial insofar as the offense-level increase is the same regardless.

1

Court concludes that the proper loss is $97,278.33—the principal loan balance ($684,278.33) minus the fair market value of the collateral at the time of the plea ($587,000). *See United States v. Gibbons*, No. 16-CR-41, 2020 WL 219144, at *3 (W.D.N.Y. Jan. 15, 2020) (discussing calculation as to that property).

As to restitution, in its prior orders the Court fully addressed that issue with respect to each property. *See United States v. Savedoff*, No. 16-CR-41, 2019 WL 6167118 (W.D.N.Y. Nov. 20, 2019); *Gibbons*, 2020 WL 219144, at *3; *Brown*, 2020 WL 2059736, at *2. The Court adheres to the reasoning and calculations set forth in those orders.

Accordingly, the Court finds and orders as follows:

| TRANSACTION | ALLEGED VICTIM(S) | GUIDELINE LOSS | RESTITUTION ORDERED (18 U.S.C. § 3663A(b)(1)) | MANNER OF PAYMENT (18 U.S.C. § 3664(f)(3)) |
|---|---|---|---|---|
| 949 East 231st Street | Suntrust Bank | $97,222.92 | $97,222.92 to HUD as indemnitor of Suntrust Bank | Monetary Payment |
| 3985 Carpenter Avenue | CitiBank | $122,819.25 | $122,819.25 to CitiBank | Monetary Payment |
| 4087 Edson Avenue | M&T Bank | $24,045.91 | N/A - Satisfied as to M&T Bank | N/A |
| 823 East 218th Street | Metlife, JPMorgan Chase, Preston Ridge | $97,278.33 | No attributable loss; no restitution ordered. | N/A |
| 816 Faile Street | JPMorgan Chase | $105,801.61 | No attributable loss; no restitution ordered. | N/A |
| 814 Faile Street | M&T Bank | $100,308.23 | $570,308.23 to M&T Bank | In-Kind Payment to be credited upon liquidation, sale, or receipt of collateral |

| | | | |
|---|---|---|---|
| | | **TOTAL GUIDELINE LOSS:** $547,476.25<br><br>**OFFENSE-LEVEL INCREASE:** 12<br><br>**BASE OFFENSE LEVEL:** 19 | **TOTAL RESTITUTION LOSS:** $790,350.40 | **TOTAL CASH PAYMENTS ORDERED:** $220,042.17<br><br>**TOTAL IN-KIND PAYMENTS ORDERED:** 1 |

In addition, for purposes of restitution, the Court orders that:

1. CitiBank shall receive first priority before HUD if Samba makes a partial monetary payment.

2. The Court imposes a special condition of supervision requiring Samba to notify various parties upon the foreclosure or liquidation of the properties at issue. *See, e.g.*, ECF No. 51 at 33. The Court presumes that the government will notify Samba to the extent it learns pertinent information regarding the status of those properties, but it is ultimately Samba's responsibility to ensure that he receives credit upon disposition of the properties.

   IT IS SO ORDERED.

Dated:  July 22, 2020
        Rochester, New York

                                                _____
                                                HON. FRANK P. GERACI, JR.
                                                Chief Judge
                                                United States District Court